# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| GRADY RENARD WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV618-090 |
| | ) | |
| NATHAN DEAL, Governor, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

*Pro se* prisoner Grady Renard Williams, Jr., has filed this "mandamus" petition against Georgia Governor Nathan Deal and the State itself seeking unspecified "performance of their official duties" related to his filings under the Uniform Commercial Code. *See* doc. 1. He has not paid the Court's filing fee or moved to proceed *in forma pauperis*. *See* doc. 4 (recommending dismissal for failure to pay his filing fee or move to proceed IFP). Given Williams' litigation history, however, a more thorough treatment is warranted.

In the first place, the allegations of the "petition" indicate that Williams is an adherent of the nonsensical "sovereign citizen"

movement, and thus it should be **DENIED** as frivolous.  Doc. 1; *see, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that certain phrases are characteristic of "so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts" and that such Courts confronting such arguments "have summarily rejected their legal theories as frivolous.").

If this filing were simply a mistaken attempt by a prisoner -- perhaps unaware of the legal frivolity of his argument -- dismissal would be a sufficient remedy.  This case, however, is just the latest in a long series of frivolous actions Williams has filed in this District.  His civil suits have all been dismissed, although on different grounds (*e.g.*, 28 U.S.C. § 1915 strikes, frivolity, and abandonment), but they also frequently point out the utter vacuity of the legal theories asserted.[1]  Moreover, Williams is no stranger to this Court's admonition that its

---

[1] *See, e.g., Williams v. Ogeechee Judicial Circuit*, CV415-085 (S.D. Ga. ) (dismissing complaint "because [Williams] has struck out under 28 U.S.C. § 1915(g)" and listing five § 1915(g) strikes: "*Williams v. Owens*, CV613-006, doc. 50 (S.D. Ga. Nov. 27, 2013) (dismissal of § 1983 case for failing to exhaust prison remedies); *Williams v. Ga. Dep't of Corr.*, CV612-110, doc. 15 (S.D. Ga. Jan. 30, 2013) (dismissal of 1983 case for failure to state a claim upon which relief may be granted); *Williams v. Owens*, CV513-254, doc. 40 (M.D. Ga. Sept. 15, 2014) (dismissal of § 1983 case for failing to exhaust prison remedies), *appeal dismissed for failure to prosecute*, doc. 46 (M.D. Ga. Oct. 30, 2014); and *Williams v. Owens*, CV513-227, doc. 8 (M.D. Ga. Aug. 20, 2013) (§ 1983 case dismissal for failing to comply with procedural requirements)).

time and resources ought not be wasted by his refusal to pay his filing fee. *See, e.g., Williams v. Peed*, CV415-277, doc. 6 (S.D. Ga. Nov. 20, 2015) (dismissal for failure to pay filing fee, after Williams sent an empty envelope containing a "money order" to the Clerk); *Williams v. Bryson*, CV416-334, doc. 8 (S.D. Ga. Jan. 31, 2017) (dismissal for failure to pay his filing fee, after Williams submitted a "plainly frivolous" "notice" of "ecclesiastical deed poll . . . *per curium divina*" in lieu of paying his filing fee); *Williams v. Mallard*, CV417-090, doc. 7 (S.D. Ga. July 28, 2017) (dismissal for failure to pay his filing fee, after Williams submitted an "international promissory note" in "settlement of his retail agreement" with the Court). In case all of these admonitions have been lost on Williams, let this Court reiterate: To call "sovereign citizen" arguments "nonsense" would be an insult to nonsense; such arguments are utterly worthless, their assertion merely wastes the Court's limited resources, and their continued assertion is maliciously wasteful.

As has oft been said before, frivolous filings, like Williams', do nothing but impair this Court's ability to adjudicate the legitimate claims of other litigants. And it's obvious that repeated rejection of his

arguments has not deterred him from continuing to waste judicial resources.

More forceful action is thus warranted here. The following restrictions should, therefore, apply:

1. For any future civil actions sought to be commenced *in forma pauperis* ("IFP") by Williams, the Clerk shall receive the papers, open a single miscellaneous file for tracking purposes, and forward the papers to the presiding judge for a determination as to whether Williams qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be **DISMISSED** without any further judicial action 30 days from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future IFP application and Complaint that plaintiff endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then 30 days after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify Williams that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

2. The Clerk shall not docket any further motions or papers in this case. The Clerk also shall not docket any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal shall be returned to Williams unfiled. If Williams files a notice of appeal, the Clerk shall forward a copy of this Report and Recommendation, the final disposition of this

4

case by the district judge, the notice of appeal, and the dismissed complaint to the Court of Appeals. Williams shall remain responsible for appellate filing fees or he may move this Court to grant IFP status on appeal.

3. To ensure that all future pleadings filed by Williams are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Williams are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Williams may file a motion to modify or rescind the imposition of these restrictions no earlier than 1 year from the date of this Report and Recommendation.

5. These filing restrictions do not apply to any criminal case in which Williams is named as a defendant or to any proper application for a writ of habeas corpus.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

[2] The Court has been successfully managing other malicious serial filers with this method. *See, e.g, Garner v. Central Intelligence Agency*, CV 417-025, doc. 3 (S.D. Ga. Feb. 17, 2017), *adopted* doc. 5 (S.D. Ga. March 7, 2017); *Hurt v. Zimmerman*, CV 415-260, doc. 3 (S.D. Ga. Oct. 7, 2015), *adopted* doc. 5 (S.D. Ga. Nov. 4, 2015).

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __19th__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA